IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 07 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY OF VIRGINIA, a Virginia banking corporation, | Civil Action No. 7:05CV00455 |
| Plaintiff, | MEMORANDUM OPINION |
| v. | |
| BRENT N. GRADEN, et al., | By: Samuel G. Wilson |
| Defendants. | United States District Judge |

Plaintiff, Branch Banking & Trust Company of Virginia (BB&T), has filed this diversity action[1] seeking to enforce a note against Brent N. Graden and Joanna L. Santiesteban ("the guarantors"), who guaranteed the note on behalf of Graden Shoe Company. The Secretary of the Commonwealth of Virginia served the guarantors on September 12, 2005. Twenty days passed, and none of the defendants had filed an answer or responsive pleading. Upon BB&T's motion, the Clerk entered a default against the guarantors. The matter is before the court on BB&T's motion for default judgment under Federal Rule of Civil Procedure 55(b)(2).

The court conducted a hearing on the motion on November 7, 2005, at which time John C. Stone, Vice-President and Special Assets Officer for BB&T, testified that $103,992.49 was currently due under the note as of November 7, 2005, inclusive of interest and late fees as called for in the note (Principal of $99,616.80 + Interest at a rate of 3 points over the national prime $3,538.99 + late fees of $836.70). Accordingly, the court grants a judgment in this amount to

---

[1] BB&T is a Virginia corporation with its principal place of business in Virginia and, therefore, is a citizen of Virginia for diversity purposes. The guarantors are both domiciled in Kentucky and, therefore, are citizens of Kentucky for diversity purposes. The amount in controversy exceeds $75,000. Thus, the court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

BB&T and against the guarantors.

The note also called for reasonable attorneys fees and costs in the case of a collection proceeding. BB&T has requested $25,000.00 in attorneys fees and their attorney filed an affidavit explaining that BB&T had only amassed $1,395.20 in attorneys fees thus far but that, based on his experience, collection on the note would likely require an additional $10,000-$15,000 in attorneys fees per defendant. In light of the fact that the guarantors currently reside out of state and in light of the reluctance of the guarantors to cooperate thus far, the court finds this forecast to be reasonable and credible and, therefore, finds $25,000.00 to be a reasonable attorneys fee. Accordingly, the court grants a judgment in that amount plus taxable costs to BB&T and against the guarantors.[2]

**ENTER:** This ___ day of November, 2005.

_____
UNITED STATES DISTRICT JUDGE

---

[2] An attorney's fees provision is a "mere incident to the principal contract," so the law governing interpretation of the contract also governs the validity of such a provision. See R.S. Oglesby Co. v. Bank of New York, 77 S.E. 468, 469-70 (Va. 1913). "In Virginia a stipulation in a note for compensation to attorneys for collection fees incurred, if payment of the note is not made at maturity, is a valid, binding and enforceable contract. If the attorneys fees are incurred under the conditions set out in the notes, they are a part of the same obligation as the principal and interest." Merchants, Etc., Bank v. Forney, 31 S.E.2d 340, 345 (Va. 1944). "If future services of an attorney will be required in connection with a case, the fact finder should make a reasonable estimate of their value. In so doing, the fact finder should estimate the time to be consumed, the effort to be expended, the nature of the services to be rendered, and any other relevant circumstances." Mullins v. Richlands Nat. Bank, 403 S.E.2d 334, 335 (Va. 1991).